IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NICKY WILLIAMS**, *et al.*, | * |
| Plaintiffs, | * |
| vs. | * CIVIL ACTION NO. 07-00561-CG-B |
| **MONROE COUNTY BOARD OF EDUCATION**, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This is an action brought by Nicky Williams, individually and on behalf of her minor son, J.W., Sherry Millender, individually and on behalf of her minor son, J.F., Felicia Gibbs, individually and on behalf of her minor daughter, V.G., Tiffany Smith, individually and on behalf of minor daughter, K.S, Angela and Aaron Chaney, individually and on behalf of their minor son, A.C., Daffnie Martin, individually and on behalf of her minor daughter, C.M., Jacqueline Davis, individually and on behalf of her minor daughter, C.N., and Tabita Kidd-Fountain, individually and on behalf of her minor son, M.K[1]. In an Order dated October 29, 2008 (Doc. 80), the undersigned granted the motion of Plaintiffs' former counsel to withdraw from this case, and directed the Plaintiffs to have new counsel appear on their behalf on or before December 1,

---

[1] Former Plaintiff Tangelia D. Yates, requested and was granted permission to voluntarily dismiss her claims on October 29, 2008. (Doc. 80).

2008, or to individually advise the court in the form of a written pleadings, as set out in Local Rule 5.1, of their intent to proceed without counsel. Plaintiffs were cautioned that their failure to respond would result in the dismissal of this action with prejudice for failure to prosecute. The docket reflects that the Court's Order was mailed, via certified mail, to each of the named Plaintiffs' at their respective addresses of record. The mail addressed to Plaintiffs Daffnie Martin and Jacqueline Davis was returned as undelivered (Docs. 85, 88), and at this juncture, the Court has no other means by which to contact them. To date, there has been no response from Plaintiffs Felicia Gibbs, Tiffany Smith, Angela and Aaron Chaney, Daffnie Martin, Jacqueline Davis, and Tabita Kidd-Fountain to the Court's Order dated October 29, 2008. (Doc. 80).

Due to Plaintiffs Felicia Gibbs, Tiffany Smith, Angela and Aaron Chaney, and Tabita Kidd-Fountain's failure to comply with the Court's Order and prosecute this action, and Plaintiffs Daffnie Martin and Jacqueline Davis' failure to keep the Court appraised of their current address and failure to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that their claims be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua

sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **17th** day of **December, 2008.**

                                        **/S/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.