```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| **NICKY WILLIAMS,** *et al.,* | * |
| | * |
|     **Plaintiffs,** | * |
| | * |
| **vs.** | *   **CIVIL ACTION 07-00561-CG-B** |
| | * |
| **MONROE COUNTY BOARD OF** | * |
| **EDUCATION***, et al.,* | * |
| | * |
|     **Defendants.** | * |

## REPORT AND RECOMMENDATION

Plaintiffs initiated this action on August 8, 2007 (Doc. 1), alleging that Defendants have a policy and practice of discriminating against African American students and parents. On May 21, 2008, Plaintiffs filed an Amended Complaint (Doc. 44), and shortly thereafter, filed a Motion for Class Certification (Doc. 45). On October 17, 2008, the attorneys representing Plaintiffs filed motions requesting permission to withdraw. (Docs. 75, 79). Upon consideration, and for good cause shown, the motions were granted in an Order dated October 29, 2008 (Doc. 80). Plaintiffs were afforded an opportunity to secure substitute counsel or to make known their desire to proceed pro se. None of the Plaintiffs secured substitute counsel, and only Plaintiffs Sherry Millender and Nicky Williams filed statements expressing their intent to proceed pro se. (Docs., 89, 94). Accordingly, in a Report and Recommendation dated December 17, 2009 (Doc. 93), the undersigned recommended that the claims of Plaintiffs Felicia Gibbs, Tiffany

Smith, Angela and Aaron Chaney, and Tabita Kidd-Fountain be dismissed due to their failure to comply with the Court's Order and to prosecute this action, and that the claims of Plaintiffs Daffnie Martin and Jacqueline Davis be dismissed due to their failure to keep the Court appraised of their current address and failure to prosecute this action.  On January 13, 2009, Chief District Judge Granade entered an Order adopting the Report and Recommendation, and dismissing the claims of the referenced Plaintiffs. (Doc. 95).

Based upon the foregoing, the undersigned recommends that the pending Motion for Class Certification be denied.  One of the prerequisites for class action certification is a finding by the court that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).[1]  It is well settled that, except in very rare cases, pro se litigants do not possess the necessary training, competence, and experience to represent adequately the interests of a proposed class.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see, e.g., Johnson v. Allen, 2008 U.S. Dist. LEXIS 874 (S.D. Ala. Jan. 4, 2008)("As

---

[1] Federal Rule of Civil Procedure 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

long as plaintiff remains pro se, he can not adequately represent the interest of the class."); <u>Lile v. Simmons</u>, 143 F. Supp. 2d 1267, 1277 (D. Kan. 2001)("Due process requires that the Court 'stringently' apply the competent representation requirement because class members are bound by the judgment (unless they opt out), even though they may not actually be aware of the proceedings."); 1 Newberg on Class Actions § 3:24 ("[M]ost courts have held that pro se plaintiffs are inadequate representatives of a class.").  In the case at hand, the record is devoid of any facts which suggest that the remaining Plaintiffs, Sherry Millender and Nicky Williams, possess the training and expertise necessary to protect the interests of the proposed class.  Accordingly, the undersigned recommends that Plaintiffs' Motion for Class Certification be denied.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **14th** day of **January, 2009.**

                                        /S/ SONJA F. BIVINS
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.