IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICKY WILLIAMS, *et al.*, | * |
| Plaintiffs, | * |
| vs. | * CIVIL ACTION NO. 07-00561-CG-B |
| MONROE COUNTY BOARD OF EDUCATION, *et al.*, | * |
| Defendants. | * |

### REPORT AND RECOMMENDATION

This action is before the Court upon review. A discovery conference was conducted in the above-referenced matter, via telephone, on February 20, 2009. Court personnel contacted Plaintiff Sherry Millender on February 20, 2009, after she failed to join in the conference call. Ms. Millender reported that she did not receive notice of the discovery conference[1], and advised that in any event, she did not wish to participate in the discovery conference, and that she does not desire to continue with this litigation. Accordingly, the undersigned issued an Order dated February 20, 2009 directing Ms. Millender to show cause, by March 6, 2009, why her claims should not be dismissed. (Doc. 105). A review of the docket reflects that Ms. Millender has not filed a response to the Court's Order, and that her copy of the Order has

---

[1] The Court's records reflect that a copy of the Order (Doc. 103) setting the referenced conference was mailed to Ms. Millender at her address of record, and that to date, her copy of the Order has not been returned to the Court.

not been returned to the Court.

Given that Ms. Millender has requested permission to dismiss her claims, and counsel for Defendants have consented to her request[2], the undersigned hereby RECOMMENDS that Ms. Millender's claims be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **10th** day of **March, 2009.**

                                             **/s/SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

[2]During the discovery conference on February 20, 2009, counsel for Defendants advised the Court that Defendants do not oppose Ms. Millender's request to dismiss her claims.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3

3.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    **/s/SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**