IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NICKY WILLIAMS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION NO. 07-0561-CG-B |
| v.  ) | |
| ) | |
| **MONROE COUNTY BOARD OF** ) | |
| **EDUCATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This case comes before the court on the defendants' motion for judgment on the pleadings (Docs. 107 and 113) and two motions to strike (Docs. 114 and 117). Plaintiff, Nicky Williams, and a non-party named Jeffery Williams filed various documents after the defendants filed their motion for judgment on the pleadings. (Docs. 111, 112, 116, 119, and 120). The motion argues that the defendants are due judgment as to plaintiffs, Sherry Millender and Ms. Williams, because neither plaintiff may pursue a claim on behalf of her minor child and because neither plaintiff asserts a violation of her individual rights.

The Second Amended Complaint ("complaint"), which is the most recent complaint in this case, alleges that several defendants who are associated with Monroeville Junior High School ("MJHS") violated the plaintiffs' rights pursuant to Title VI of the Civil Rights Act of 1964, discriminated against the plaintiffs on the basis of race in violation of the Equal Protection Clause, and violated the plaintiffs' rights to free speech under the First Amendment. (Doc. 44).

The motion is **MOOT** as to Sherry Millender. The magistrate judge recommended that Ms. Millender's claims should be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Doc. 110). This court adopted the magistrate judge's recommendation and

dismissed Ms. Millender's claims without prejudice on March 26, 2009.  (Doc. 115).

For the reasons set forth below, the motion for judgment on the pleadings is **GRANTED** as to Ms. Williams and the motions to strike are **MOOT**.

## I. STANDARD OF REVIEW FOR A MOTION FOR JUDGMENT ON THE PLEADINGS

Motions for judgment on the pleadings are governed by Rule 12(c) of the Federal Rules of Civil Procedure.  Rule 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  Hawthorne v. Mac Adjustment, 140 F.3d 1367, 1370 (11th Cir. 1998).  The court should "accept the facts in the complaint as true and . . . view them in the light most favorable to the nonmoving party."  Id.

Eleventh Circuit precedent indicates that "[j]udgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002).  In the context of ruling on a Rule 12(b)(6) motion, the Supreme Court recently explained that this "no set of facts" language "earned its retirement" because it is simply "an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007).  This court found one post-Twombly unpublished Eleventh Circuit decision on a Rule 12(c) motion that persisted in using the "no set of facts" language. Whitehurst v. Wal-Mart Stores East, L.P., No. 07-15794, 2008 U.S. App. LEXIS 24391, at *5

(11th Cir. Dec. 2, 2008) (post-Twombly decision applying "no set of facts" language in a Rule 12(c) analysis without any citation to Twombly).  There is nothing in that case tending to show that the Eleventh Circuit would decline to follow the clarification in Twombly that the "no set of facts" language provides only an incomplete description of the relevant standard in a rule 12(c) case.  To the extent that Whitehurst could be characterized as making such a holding, it is unpublished, meaning that parties may cite to it, see FED. R. CIV. P. 32.1, but it is not binding precedent, 11TH CIR. R. 36-2.  To the contrary, in a published opinion, the Eleventh Circuit explained that Twombly is "a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)."  Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 n.43 (11th Cir. 2008).

Ms. Williams' claim is brought pursuant to Rule 8(a).  As a consequence, the court will apply the rules set forth in Twombly for purposes of evaluating the Rule 12(c) motion at bar.  See, e.g., Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (applying Twombly to a Rule 12(c) motion); Tucker v. Middleburg-Legacy Place, LLC, 539 F.3d 545, 549-50 (6th Cir. 2008) (same); Doe v. MySpace Inc., 528 F.3d 413, 418 (5th Cir. 2008) (same); Pisciotta v. Old Nat'l Bancorp, 499 F.3d 629, 633 (7th Cir. 2007) (same).

In order for a complaint to state a claim for relief under Rule 8(a)(2), it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  FED. R. CIV. P. 8(a)(2).  "[T]he 'short and plain statement' must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quotations and citation omitted).  See also Twombly, 550 U.S. at 556 n.3 (2007) ("Without some factual allegation in the complaint, it is hard to see how a claimant

could satisfy the requirement [in Rule 8(a)(2)] of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.")

The complaint "does not need detailed factual allegations," but the rules call on the plaintiff to set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Id. at 555-56.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  Id. at 555.  See also Davis, 516 F.3d at 974 (same).

## II.  PROCEDURAL HISTORY

The plaintiffs filed the complaint on May 21, 2008.  (Doc. 44).  The individual plaintiffs named in the complaint are: Ms. Williams, individually and on behalf of her minor son, J.W.; Sherry Millender, individually and on behalf of her minor son, J.F.; Felicia Gibbs, individually and on behalf of her minor daughter, V.G.; Tiffany Smith, individually and on behalf of her minor daughter, K.S.; Angela and Aaron Chaney, individually and on behalf of their minor son, A.C.; Daffnie Martin, individually and on behalf of her minor daughter, C.M..; Jacqueline Davis, individually and on behalf of her minor daughter, C.N.; Tabitha Kidd-Fountain, individually and on behalf of her minor son, M.K.; Tangelia D. Yates, individually and on behalf of her minor son, A.Y.  (Doc. 44, pp. 8-10).

The plaintiffs were initially represented in this case by an attorney named Joshua Friedman.  He withdrew in February 2008.  (Docs. 24 and 26).  Attorneys Allison Eichenfeld Neal, Catherine Yonsoo Kim, Laurence Michael Schwartztol, and Dennis Parker subsequently took over representation of the plaintiffs in this case.  (Docs. 36, 37, 38, 39, 42, 53, 56, and 60).  These attorneys subsequently withdrew their representation.  (Docs. 75, 79, and 80).  Shortly

thereafter, a motion for class certification that the plaintiffs' second group of attorneys previously filed was denied. (Docs. 97 and 100). No plaintiff retained new counsel.

Tangelia D. Yates moved to dismiss her claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure on October 21, 2008. (Doc. 77). The magistrate judge granted Ms. Yates' motion on October 29, 2008. (Doc. 78). The court also dismissed the claims of Felicia Gibbs, Tiffany Smith, Angela Chaney, Aaron Chaney, Tabitha Kidd-Fountain, Daffnie Martin, and Jacqueline Davis on January 13, 2009. (Doc. 95). Ms. Millender was dismissed as well. (Docs. 110 and 115). The only plaintiff who remains in the case is Ms. Williams, individually and on behalf of her minor son, J.W.

### III.  NICKY WILLIAMS' CLAIMS ON HER INDIVIDUAL BEHALF

The defendants seek judgment on the pleadings as to Ms. Williams based on the argument that the complaint does not allege that any of her individual rights were violated. (Doc. 107, pp. 5-6).

Ms. Williams alleges that she is a plaintiff, individually and on behalf of her minor son, J.W. (Doc. 44, p. 8, ¶ 18). J.W. attended MJHS from August 2005 through June 2007. (Doc. 44, p. 8, ¶ 18). The complaint does not allege that Ms. Williams did anything, was prevented from doing anything, or suffered any misdeeds. The only paragraph that contains her name is paragraph 18, which identifies her as a plaintiff. (Doc. 44, p. 8, ¶ 18). Paragraphs 101 through 111 describe J.W.'s experience at MJHS. Ms. Williams is not alleged to have been involved in any of the activity described in those paragraphs. Rather, J.W. and Jeffery Williams, who the complaint suggests is J.W.'s grandfather, are the only individuals alleging that they were mistreated.

The complaint also makes several allegations about the defendants' mistreatment of parents of the students at MJHS. Some of the allegations broadly describe allegedly inappropriate conduct in universally applicable terms. See, e.g., ¶ 7 ("African American parents who complain about this racial segregation receive no explanation for the class assignments and have been subjected to retaliation."); ¶ 8 ("Students whose parents complain about arbitrary racially discriminatory treatment are targeted for more discipline. Parents and guardians who complain are banned from the school grounds, threatened with arrest, and denied their right to address these issues before the school board in a public forum."); ¶ 9 ("Defendants have denied the rights of African American parents to speak at public meetings to address concerns about racially discriminatory treatment at the schools. They have denied such speech altogether, or closed otherwise public meetings based on the content of parents' anticipated speech."); ¶ 49 ("When the African American students or their parents complain, Defendants do nothing."); ¶ 58 (a defendant "ordered several complaining parents off the campus upon threat of arrest"); ¶ 59 (defendants "prevented parents from raising these concerns in public, laughed at the parents who succeed in raising these issues during school board meetings. . .. told complaining parents that the use of" a certain racial term "by a school official is not racial, and that parents who have problems with the administration of MJHS should send their children to other schools"); ¶ 89 ("Parents are not given any opportunity to influence the placement of their children or to review the criteria for student assignments."); ¶ 91 ("Students who complain or whose parents or family members complain about racially discriminatory treatment have been accused of lying, have been told not to come back to school, and have been targeted for further discipline and suspensions."); ¶¶ 93-95 (parents who complain are "banned from the school grounds," "told

6

that they will be arrested if they come back to the school," "prevented from coming to the campus for parent-teacher conferences or pick up their children," "unlawfully denied access to their children's educational records," "denied their right to speak out about these issues at public school board meetings."). Such broad complaints cannot support a cause of action on behalf of an individual unless that particular individual endured or suffered from the conduct. There are no allegations that Ms. Williams endured or suffered from the conduct.

The complaint also makes more specific allegations of inappropriate conduct directed at parents. There are no allegations in the complaint tending to show that Ms. Williams endured or suffered from such conduct. In fact, the complaint tends to show that these specific instances of allegedly actionable conduct were directed at other individuals. Compare, e.g., ¶ 46 with ¶ 123; ¶ 51 with ¶ 141; ¶¶ 97-99 with ¶¶ 104-105, 133-140.

The complaint does not allege that any of the purported misdeeds that it describes happened to Ms. Williams. Rather, the students, Jeffrey Williams, and the other parents allegedly suffered all of the misconduct that the complaint describes. None of the material that Ms. Williams or Jeffery Williams submitted in opposition to the motion suggests a different conclusion. Their questionable admissibility aside, those documents could tend to show that Jeffery Williams met with various people and corresponded with some of the defendants (Doc. 111), that the defendants mistreated J.W. and Jeffery Williams (Doc. 112), that J.W. sought treatment for the alleged psychological abuse at school (Doc. 116)[1], that Ms. Williams loves J.W. (Doc. 119), and that the local newspaper opposes this lawsuit (Doc. 120).

---

[1] The court ORDERS that Doc. 116 be sealed. It contains the full name of the minor, J.W., as well as mental health records.

In short, in the absence of allegations in the complaint tying any of the alleged misdeeds specifically to Ms. Williams, the complaint does not make more than a speculative claim to relief on behalf of Ms. Williams.  This is not sufficient.  Consequently, judgement on the pleadings as to Ms. Williams' claims in her individual capacity is **GRANTED** because she does not allege that the defendants subjected her, specifically, to any purportedly inappropriate behavior.

## IV. NICKY WILLIAMS' CLAIMS ON HER SON'S BEHALF

Ms. Williams also brings claims on behalf of her son.  To the extent that she seeks to represent her son as his legal representative, she may not do so.  Although Ms. Williams may represent herself in federal court without a lawyer, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."), and she likely may sue on behalf of her minor son FED. R. CIV. P. 17(c) (general guardians "may sue or defend on behalf of a minor"), "parents who are not attorneys may not bring a pro se action on their child's behalf[.]"  Devine v. Indian River County Sch. Bd., 121 F.3d 576, 582 (11th Cir. 1997), overruled on other grounds by Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007). See also Peake v. Comm'r of Soc. Sec., Case No. 6:06-cv-1863-Orl-KRS, 2008 U.S. Dist. LEXIS 12555, at *1 (M.D. Fla. Feb. 20, 2008) (non-lawyer parents may not represent their children in federal court); Hafez v. Madison, Civil Action No. 2:08-cv-0156-RWS, 2008 U.S. Dist. LEXIS 84650, at **12-14 (N.D. Ga. Sept. 8, 2008) (same); Stanford v. Brantley, Civil Action No. 1:08cv750-MEF (WO), 2008 U.S. Dist. LEXIS 70200, at **1-2 (M.D. Ala. Sept. 15, 2008); (same); Whitehurst v. Wal-Mart, 306 Fed. Appx. 446, 448-49 (11th Cir. 2008) (same).

The motion is **GRANTED** as to the claims that Ms. Williams brings on behalf of her

minor son.

## V.   LEAVE TO AMEND

In general, "a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). Although the rule is typically applied after a court grants a Rule 12(b)(6) motion to dismiss when a plaintiff fails "to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), courts also apply the rule in the context of a 12(c) motion for judgment on the pleadings. See, e.g., Spitsyn v. Morgan, 160 Fed. Appx. 593, 594 (9th Cir. 2005) ("Before entering judgment based on an inadequate pro se complaint, a district court should briefly explain the deficiencies of the complaint to the pro se litigant and provide leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); Canty v. Wackenhut Corr. Corp., 255 F. Supp. 2d 113,117-18 (E.D.N.Y. 2003) (dismissing certain claims "without prejudice" pursuant to a Rule 12(c) motion and allowing pro se plaintiff leave to amend); United States ex rel. Bledsoe v. Cmty. Health Sys., 342 F.3d 634, 644-45 (6th Cir. 2003) (district court abused its discretion when it did not allow plaintiff leave to amend complaint after court granted Rule 12(c) motion); United States ex rel. Goldstein v. Fabricare Draperies, Inc., 84 Fed. Appx. 341, 343 (4th Cir. 2004) (district court granted leave to amend complaint in an order granting Rule 12(c) motion).

The rule allowing parties to amend their complaints at least once before dismissal is based on the provision in Rule 15(a) of the Federal Rules of Civil Procedure that a court should give leave to amend a complaint "freely . . . when justice so requires." FED. R. CIV. P. 15(a). See also Corsello, 428 F.3d at 1014.  The court "need not allow an amendment (1) where there

has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id. (internal quotations and citation omitted).[2]

Ms. Williams has not sought leave to amend her complaint. If Ms. Williams had a lawyer at the time the motion for judgment on the pleadings was filed, her failure to seek leave to amend could end this case because "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Before Wagner, the rule in this judicial circuit provided that, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). The rule in Bank turned in part on the restriction that Rule 15(a) placed on a district court's discretion to dismiss a complaint without leave to amend. Id.

The Wagner court expressly declined to decide whether pro se plaintiffs must affirmatively seek leave to amend their complaints. Wagner, 314 F.3d at 542 n.1. The court has not found any published Eleventh Circuit precedent explaining whether the rule articulated in Wagner applies to pro se plaintiffs, but two unpublished opinions explain that it does not. See

---

[2]The complaint has already been amended once and answered. The standard this court would apply for determining whether to allow an amendment would be different if Ms. Williams was on her initial complaint and no responsive pleading had been filed. See, e.g., Williams v. Bd. of Regents, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007).

Case v. Riley, 270 Fed. Appx. 908, 910 n.5 (11th Cir. 2008) (applying the Bank rule as to a pro se plaintiff but affirming denial of leave to amend because of futility); Spear v. Nix, 215 Fed. Appx. 896, 902 (11th Cir. 2007) (proper to allow pro se plaintiff to amend complaint and add claims that are not futile).

Although the scheduling order indicates that amendments to pleadings were due by March 13, 2009 (Doc. 96, p. 2, ¶ 5), the court finds none of the three factors listed in the Corsello case apply to preclude granting Ms. Williams leave to amend her complaint. This is the first dispositive motion that was filed since Ms. Williams' lawyers withdrew from the case and since the motion for class certification was denied. None of Ms. Williams' prior lawyers filed a complaint specifically focusing on Ms. Williams and her minor son, presumably because the motion seeking class certification was still pending at the time all of the lawyers withdrew. Ms. Williams has been acting pro se ever since it was determined that this case would not proceed as a class action. Based on the foregoing, the court will sua sponte grant Ms. Williams leave to amend her complaint.

## VI.     CONCLUSION

The Rule 12(c) motion is **GRANTED**. Ms. Williams may file a Third Amended Complaint **on or before July 14, 2009**. Unless an attorney appears on behalf of Ms. Williams' minor son, no amended claims may be filed on his behalf. In the event that Ms. Williams does not file her Third Amended Complaint **on or before July 14, 2009**, final judgment will be entered in favor of the defendants in this case.

The clerk is directed not to docket in this case any further proffered documents from persons who are not parties.

The motions to strike are **MOOT**.

**DONE** and **ORDERED** this 23rd day of June, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE